820 F.2d 1156
 60 A.F.T.R.2d 87-5255, 87-2 USTC P 9398
 Dan Earl ROYSTER and Dale T. Royster, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
W.R. ROYSTER and Minnie M. Royster, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
John E. ROYSTER and Faith S. Royster, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 Nos. 85-3998, 85-3961 and 85-3990.
 United States Court of Appeals,
Eleventh Circuit.
 July 2, 1987.
 
 Joe Warren, Jacksonville, Fla., for petitioners-appellants.
 Glenn L. Archer, Jr., Asst. Atty. Gen., U.S. Dept. of Justice, Michael L. Paup, Chief Appellate Section, Roger M. Olsen, Acting Tax Div., Asst. Atty. Gen., William S. Estabrook, Washington, D.C., Mary F. Clark, Fred T. Goldberg, Jr., Chief Counsel, Marlene Gross, I.R.S., Washington, D.C., for respondent-appellee.
 Appeals from a Decision of the United States Tax Court.
 Before GODBOLD and ANDERSON, Circuit Judges, and SWYGERT*, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 In these consolidated cases, the members of the Royster family appeal from a judgment of the Tax Court, Royster v. Commissioner, T.C. Memo 1985-258, 49 T.C.M. (CCH) 1594, which determined income tax deficiencies for each of these taxpayers. Finding no error in the Tax Court's decision, we affirm.
 
 
 2
 The Tax Court determined that income which was derived from various sales of land and reported on the tax returns of John and Dan Royster should be imputed to their father and mother, W.R. and Minnie Royster. Our review of the record satisfies us that the Tax Court's findings of fact in this regard were not clearly erroneous.
 
 
 3
 The Tax Court also determined that the sales imputed to W.R. and Minnie Royster from their sons could not be reported on the installment method under Sec. 453 of the Internal Revenue Code, 26 U.S.C. Sec. 453, even though John and Dan had made installment elections when they originally claimed income from the land sales on their own tax returns.
 
 
 4
 The income tax regulations require that a taxpayer who wishes to elect to report income on the installment method must notify the Internal Revenue Service of his intention to do so on his income tax return for the year in which the sale of property occurred. See Treas.Reg. 1.453-8(b)(1). In the instant case, it is plain from a cursory review of their tax returns that W.R. and Minnie Royster have not satisfied this requirement. None of their tax returns claimed any income from the sale of these properties and hence, a fortiori, they did not claim income under an installment method.
 
 
 5
 Addressing the problem of when an untimely installment method election might be recognized, the Internal Revenue Service promulgated Rev.Rul. 65-297, which provides in relevant part:
 
 
 6
 if, in good faith, the taxpayer failed to exercise the installment method election to report income from sales of real property ... the Service will recognize as valid, elections made under the following circumstances:
 
 
 7
 * * *
 
 
 8
 2. Those cases where election of the installment method was made on an amended return for the year of sale not barred by the statute of limitations or the operation of any other law or rule of law, if the facts indicate no election inconsistent with the installment election had been made with respect to the sale.
 
 
 9
 Rev.Rul. 65-297, 1965-2 C.B. 152. W.R. and Minnie have not filed any amended returns which report the sale of property and make an election to report any gain on the installment method. We need not provide opportunity for them to file amended returns now, because they cannot claim that their failure to report these transactions was the result of a good faith omission. The court below found that W.R. and Minnie deliberately attempted to evade their own tax liability by shifting the tax consequences of certain property sales to their sons, John and Dan. Our review of the record satisfies us that the court's finding that W.R. and Minnie have not satisfied the good faith requirement of Rev.Rul. 65-297 is not clearly erroneous. The good faith requirement of Rev.Rul. 65-297 is reasonable and is entitled to deference. See Anselmo v. Commissioner, 757 F.2d 1208, 1213 n. 5 (11th Cir.1985); see also Marcello v. Commissioner, 380 F.2d 499, 508 (5th Cir.1967) (remanding to Tax Court for evaluation of taxpayers' conformity with Rev.Rul. 65-297).[1] Under these circumstances, we hold that the election made by John and Dan cannot be attributed to W.R. and Minnie and that they are not entitled to the installment reporting benefits of Sec. 453.
 
 
 10
 We have closely reviewed the record in this case and have carefully considered the remaining issues raised by the Roysters on appeal. We conclude that the Tax Court has committed no error and that these issues warrant no discussion.
 
 
 11
 For the foregoing reasons, the decision of the Tax Court assessing tax deficiencies against the various members of the Royster family is
 
 
 12
 AFFIRMED.
 
 
 
 *
 Honorable Luther M. Swygert, Senior U. S. Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 [1]
 This case was decided prior to the close of business on September 30, 1981, and is binding precedent under Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981)